UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID PATERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02739-JPH-DML |
| | ) | |
| WARDEN New Castle Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of David Paterson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCF 16-07-0072. For the reasons explained in this Entry, Mr. Paterson's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B.       The Disciplinary Proceeding

On July 14, 2016, Officer Mouser wrote a conduct report in case NCF 16-07-0072 charging

Mr. Paterson with offense A-111/A-113, attempted trafficking. The conduct report states:

> On the above date at the approximate time [7.14.16 at 0346], I Officer Mouser,
> while doing my morning mail screening came across a letter from off. Paterson
> (DOC #260210) in which it appears that off. Paterson is attempting to get
> contraband trafficked into N.C.F. Offender has been notified of conduct. End
> Report.

Dkt. 6-1.

The letter recovered by Officer Mouser stated the following:

> Dear Sensible
> As a customer of yours for over 3 years I now have no access to a computer to
> order. Therefore I have a request. I need you to either send a pricelist for your
> CANN synthetics or write back with a price for just the chem BB – or something
> similar to the MAM series. Id love a monthly news letter or a catalog. Also I would
> need my rc sent on a cut card that is glued back together since the letter will be
> searched prior to me getting it so if we are to continue business we must be very
> careful and secretive. Please respond ASAP with price pluss shipping as well as an
> itemized list of products if possible. Thank you for your time and support and I
> hope to continue business in future Respond To: New Castle Correctional Facility,
> 1000 Van Nuys Road P.O. Box A Newcastle, Indiana 47362 USA.

Dkt. 6-2. Based on the envelope, the "Sensible" that Mr. Paterson is writing to is a company called

Sensible Seeds in Great Britain.  Still shots of the company's website show that it sells cannabis

seeds. Dkt. 6-3 at 1-2.

On July 18, 2016, the screening officer notified Mr. Paterson of the attempted trafficking

charge and served him with a copy of the conduct report and a copy of the notice of disciplinary

hearing "screening report." Dkt. 6-4. Mr. Paterson pleaded not guilty and did not request any

witnesses or evidence. *Id.*

A hearing in case NCF 16-07-0072 was conducted on July 21, 2016. Dkt. 6-6. Mr. Paterson

pleaded not guilty and stated, "I think someone on there [sic] way out wrote this so they could

grow it when they got out. I am not liked in my dorm. I don't know what is going on." *Id*.  The hearing officer found Mr. Paterson guilty of offense A-111/113 based on the conduct report, Mr. Paterson's statement, the letter and envelope, and the web page still shots. *Id*.  Mr. Paterson received the following sanctions: a 30-day loss of phone and commissary privileges, a 23-day loss of good-time credit, and a one-step demotion in credit class. *Id*.

Mr. Paterson's appeals to the warden and the Appeal Review Officer for the Indiana Department of Correction (IDOC) were denied in August and September of 2016. Dkts. 6-7, 6-8. This habeas action was filed on July 3, 2019. Dkt. 1.

**C.    Analysis**

Mr. Paterson alleges that his due process rights were violated in the disciplinary proceeding. His claims are summarized as the following: 1) more than one offense code was listed on the conduct report in violation of IDOC policy; 2) there was no evidence of trafficking; 3) the hearing officer failed to state what evidence was relied on, showing lack of impartiality; 4) the hearing officer relied, in part, on Mr. Paterson's statement, but he did not plead guilty.

The respondent first argues that Mr. Paterson did not raise any of these claims in his appeals. In his appeals, Mr. Paterson argued that he was denied evidence that he had requested. Specifically, he alleged that he had requested videos for July 14, 2016, to prove he never went to the mailbox. He argued that someone else wrote the letter. Dkt. 6-7.

Petitioners must exhaust their administrative remedies before seeking relief in disciplinary habeas corpus cases. 28 U.S.C. § 2254(b)(1)(A). "Where a habeas petitioner has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted, but such default can be excused if he can demonstrate cause for the default and prejudice, or that the failure to consider his claims would constitute a miscarriage of justice." *Martin v. Zatecky,* 749 F. App'x

3

463, 464 (7th Cir. 2019).

Mr. Paterson has not responded nor otherwise demonstrated cause and prejudice in this case. The Court finds that Mr. Paterson challenged the sufficiency of the evidence in his appeals. All other claims are procedurally defaulted. The Court's decision to not further discuss the procedurally defaulted claims is reinforced by Mr. Paterson's letter of November 6, 2019, in which he states that his intent was not to challenge NCF 16-07-0072 in this case but instead a different disciplinary case. Dkt. 8. The Court gave him an opportunity to voluntarily dismiss his petition in this case or file a reply. Dkt. 9. He did neither. The Court informed him that if he failed to dismiss or reply, the Court would rule on the petition as presented. *Id*. Accordingly, the Court will consider Mr. Paterson's challenge to the sufficiency of the evidence in NCF 16-07-0072.

Offense A-113 Trafficking prohibits "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." Dkt. 6-9 at 2. Ind. Code § 35-44.1-3-5(b)(1) provides:

> (b) A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
> (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;
>
> commits trafficking with an inmate, a Class A misdemeanor. However, the offense is a Level 5 felony under subdivision (1) or (2) if the article is a controlled substance, a deadly weapon, or a cellular telephone or other wireless or cellular communications device.

Ind. Code Ann. § 35-44.1-3-5(b)(1).

"Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016)) (quoting *Hill*, 472 U.S. at 455-56)); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same). The "some evidence" standard is much more lenient than the "beyond

a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the letter written to the Sensible Seed company was a clear attempt to be "secretive" and have contraband sent to the prison. Dkt. 6-2. The company website still shots confirm that the company sold cannabis seeds. Dkt. 6-3. Mr. Paterson's contention that there was no evidence of "trafficking" is not persuasive. His challenge to the sufficiency of the evidence fails.

Mr. Paterson was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Paterson's due process rights.

### D.     Conclusion

For the above reasons, Mr. Paterson is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 9/9/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID PATERSON
#260210
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov